The opinion of tlie Court was delivered by
Todd, J.
The defendant, under a judgment obtained against one M. F. McDonald, in the District Court of the Parish of Natchitoches, caused to be seized under a writ of ft. fa. directed to the sheriff of the Parish of Orleans, a certain claim in a suit pending in one of the courts of the latter parish, entitled M. F. McDonald vs. The Mechanics’ & *737 Traders’ Insurance Company, and the sheriff advertised it for sale under the writ.
The plaintiff, as the owner, by transfer of the claim from McDonald, for the benefit of certain of his creditors, and holding it. for their use, enjoined the sale. The grounds of his injunction being substantially as follows: •
1. That J. P. Harrison, Jr. & Co. had no legal or valid judgment against McDonald; that the pretended judgment was a consent judgment, rendered on the confession of McDonald, and further, that the judgment was based on no valid claim, and was entirely without consideration, the said McDonald not being indebted to said J. P. Harrison, Jr. & Co. in that sum or any other, at the time of his confession.
2. That the writ under which the seizure wa.s made was null and void and without effect, because it had expired, and no copy of the writ had been retained, and the original returned to the court from which it emanated, as required by law.
The defendant excepted on several grounds, which, condensed, are substantially these: <
1. That the names of plaintiff’s principals were not set forth in the petition, nor his power of attorney filed.
2. That the suit should have been brought in the District Court of Natchitoches, and that the Civil District Court of Orleans was without jurisdiction, both as t.o the matter of suit and the persons sued.
3. That the plaintiff was without right to contest the judgment under which the seizure was made, and was confined to the issue of his alleged ownership of the claim.
4. That the matter of the suit was res adjudieata.
Upon trial of the exception, the transcript of appeal, in suit 7,648 in this Court, was offered in evidence.
In that record we find the transfer to the plaintiff, under authority of which he acted in this suit, and also the names of the creditors whom he represented under that transfer.
It was also offered to establish the plea of res adjudieata. Testimony was likewise introduced to establish the simulation and want of consideration of the judgment, under which the seizure was made, it being that of McDonald, the defendant, in the judgment of the agent of J. P. Harrison, Jr. & Co., who procured the confession.
There, was judgment sustaining the exception and dismissing the suit, from which judgment plaintiff has appealed.
1. The evidence afforded by the record mentioned, of the authority of the plaintiff, and of the names of the creditors he represents, is sufficient to meet the first point of the exception.
*738 2. The claim seized being in the Parish of Orleans, and being there advertised for sale, the suit to be declared the owner of the claim and to prevent the sale of it was proporly brought in the District Court of that Parish. 2 A. 323, 492 ; 5 A. 648; 16 A. 11; 19 A. 206; 21 A. 199.
3. The questions presented in the 3d and 4th points of the exception, and which are the most serious questions involved in the case, we will consider together, and reversing the order in which they are presented, commencing with the plea of res adjuclicata, urged in bar of this suit. To understand this, it is necessary to refer to the previous proceedings upon which the plea is founded.
On the 3d of December, 1878, J. P. Harrison, Jr. & Co. obtained a judgment against M. F. McDonald for $1,710, in the District Court of Natchitoches.
Under an execution-issued on this judgment, they caused tobe seized the claim mentioned above, embraced in a pending suit before the 5th District Court of the Parish of Orleans, entitled M. F. McDonald vs. Mechanics’ and Traders’ Insurance Company, ffm. H. Jack, plaintiff in the present suit, filed a rule in that suit, pending in the 5th District ‘Court of the Parish of Orleans, mentioned, in which he asserted ownership of the claim prosecuted in the suit, and moved to quash the writ of fi.fa. issued under the judgment in favor of J. P. Harrison, Jr. & Co. against McDonald, referred to, and for the release of the seizure. In that proceeding, it was held on appeal to this Court, that inasmuch as the seizure under the fi. fa. was made before notice of the transfer and subrogation to Jack, of the claim in question, was served on the dobtor, the Insurance Company, that the transfer'and subrogation was inoperative against the seizure, and the rule was discharged. See case McDonald vs. Mechanics’ &. Traders’ Insurance Company, 32 A. 594.
Thereupon the present injunction suit was instituted by Jack, in which he charges that the judgment of J. P. Harrison, Jr. & Co. and the writ ai fi.fa. were nullities, for the reasons heretofore given.
It will thus be seen that the issues involved in the two proceedings are not the same. There was no question raised in the first proceeding as to the existence or non-existence of any real judgment against McFarland, no charge of its simulation, as in this case, was there preferred, and no issue raised as to the legality of the writ, but the simple and sole question involved in that proceeding, (the validity of the judgment and suit, and the transfer to Jack of the claim not being questioned) was whether the transfer or seizure had precedence. Wo do not think, under this state of facts, that the plea of res judicata was tenable. The issues in the two cases are not the same, and to sustain the plea they must be identical. Had the first proceeding been an *739 injunction, instead of a rule, and liad that injunction been dissolved, it might be true that the plaintiff would be preeluded from resorting to another injunction, setting up different or additional grounds, but that question, though suggested in counsel’s brief, is not before us.
The next and last question for consideration is, whether plaintiff lias the right to set up the nullity of the judgment and writ opposed to him in this proceeding, or whether he is confined to an action of nullity against the judgment to be brought in the Court which rendered the judgment, and to which the defendant in that judgment must be made a party.
It is undoubtedly true, as a general rule, that where a third person claims to be owner of a thing, or of property seized as belonging to the judgment debtor, that the sole issue to be tried is that of ownership, and such third person cannot attack the regularity of the proceedings under which the seizure is made.
This rule, however, presupposes that there is a real judgment and real writ under which the seizure has been effected. In deciding the point raised by the pleadings in this case, we must take as true the allegations of the plaintiff’s petition and base our decision on the state of facts there presented. And what are the facts presented according to the allegations ? That plaintiff, as the representative of creditors of McDonald, took a bona fide transfer from him to a certain claim tlien in suit. That he succeeded in compromising the claim, but before he could receive payment of it, he was met by what purported to be a seizure of the claim under a judgment against his transferror. This presented an obstacle to the realization, of the fruits of his transfer, and he finds that his claim is about being sold under this seizure. It, therefore, became necessary, in order to reach the end in view and get his money, that the obstacle interposed must be brushed out of his .way. He ascertains that there is no real .or valid judgment against McDonald, in favor of the parties seeking to enforce it, and.that none ever existed; that what purported to be a judgment was a mere fiction, rendered upon no debt, and evidencing none, and that the writ of execution was, therefore, illegal and null. He resorts to an injunction against the seizure, and substantially makes allegations in the nature and to the effect of the foregoing.
We think he has a right to be heard on them. If the allegations be true, then the defendants, Harrison & Co. had not and could not have the shadow of a right to interpose, and prevent plaintiff from enforcing his rights under his transfer from McDonald. They had, under his averments, neither a judgment nor a writ, and what purported to be such were nullities — absolute nullities. Nor vras it necessary to *740 institute a formal suit to liave that fact declared in the court that rendered the judgment, and make McDonald a party to it, it could be shown whenever and wherever opposed to him.
It is true that the Code of Practice prescribes that the action for the nullity of a judgment must be brought before the court that rendered it.. But that refers exclusively to the action of nullity proper, brought by a party to the judgment to have its nullity declared for some of the causes set forth. C. P. 604, et seq. But it has been, expressly and repeatedly held that this rule does not apply, where the judgment is attacked by one not a party to it, but that in such case, the action is not really one of nullity, but is in the nature of a revocatory action, and is not confined to the court that rendered the judgment. Clark vs. Christine, 12 L. 394; Trichel vs. Bardelon, 9 R. 191.
Nor is there anything in these views that conflicts with the ruling in the case of the State ex rel. Keiffer Bros. vs. Judge of the Civil District Court, recently decided by us, and not reported. In that case no property of the Relator had been seized under the judgment complained of, and no execution had even issued under it, but notwithstanding this he brought a suit in the District. Court of New Orleans to annul a judgment rendered in the Parish of St. Landry.
In this case, however, although McDonald was not made party, he was heard as a witness, and whilst it might be premature to consider the weight and effect of his testimony,- we may say that there could be no issue between him and the plaintiff on the question involved.
The right in plaintiff to raise this issue, may be likened to the right of a person holding a title to property, and in seeking to enforce it is opposed by one asserting an adverse title to show that such title is a mere simulation and sham, and this he could do without citing the vendor to such pretended sale.
The plaintiff, too, could exercise the right in question, under a principle of frequent adjudication, and in fact universally conceded. And that is, that a creditor may assert and enforce a right of his debtor for his own benefit or protection, which the debtor will not, and sometimes even cannot assert. Spencer vs. Goodman & Bradfield, 33 A. 898.
We think the exception was improperly sustained.
It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed ; that the exception be overruled, and the ease remanded, to be proceeded with according to law and the views herein expressed.
Levy, J., absent.